UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00172-HBB

**TONYA TUCKER**                                                                           **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Tonya Tucker seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 15) and Defendant (DN 20) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered January 8, 2018 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on May 27, 2014 (Tr. 298). Plaintiff alleged that she became disabled on February 24, 2014 as a result of back pain; neuropathy in her arms and legs; vertigo; irritable bowel syndrome; acid reflux; hiatal hernia;

depression; anxiety; irritability; social withdrawal; sleep problems; headaches; cluster migraines; diverticulosis; gastroenteritis; and difficulty with memory, focus, and concentration. (Tr. 343). Administrative Law Judge Jonathan Stanley conducted a hearing on April 14, 2016 in Lexington, Kentucky. Plaintiff was present and represented by her attorney, Charles Burchett. Also present and testifying was vocational expert Betty Lindsay Hale.

In a decision dated June 6, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 141). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 24, 2014, the alleged onset date (Tr. 146). At the second step, the ALJ determined that Plaintiff's has the following "severe" impairments within the meaning of the regulations:

> obesity; degenerative disc disease of the cervical, thoracic spine and lumbar spine with pain/radiculopathy; bilateral shoulder pain; numbness and tingling of hands and feet/peripheral neuropathy; degenerative joint disease of the bilateral hips with pain; bilateral leg pain; degenerative joint disease of the right knee; osteoarthritis/polyarthralgias/polyarthritis; myofascial pain syndrome; seizure disorder; history of syncope; migraine headaches/cervicogenic headaches; history of palpations; sinus tachycardia; depressive disorder not otherwise specified; generalized anxiety disorder

(Tr. 147). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 149).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of sedentary work (Tr. 150). More specifically, the ALJ found that Plaintiff

> can occasionally push and pull using the upper extremities bilaterally; can occasionally climb stairs and ramps, but cannot climb ropes, ladders and scaffolds; can occasionally balance, stoop, kneel, crouch and crawl; can occasionally reach overhead bilaterally; can frequently handle and finger bilaterally; can

occasionally operate foot controls; must avoid concentrated exposure to extreme cold, wetness, pulmonary irritants and vibration; cannot work at unprotected heights or around hazards such as heavy equipment; can understand, remember and carry out short, simple instructions and make simple work-related judgments; can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision; can manage and tolerate simple changes in the workplace routine; can adapt to the pressures of simple routine work; and can interact occasionally with supervisors, coworkers and the general public.

(Tr. 150). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 151).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 152). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 24, 2014 through the date of the decision (Tr. Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 293). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-7).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the

challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons that follow, the ALJ's decision is not supported by substantial evidence, and the case is remanded to the Commissioner for additional consideration in light of this ruling.

Summary of Plaintiff's Argument

Plaintiff challenges two of the ALJ's findings. First, Plaintiff argues the ALJ committed reversible error in Finding No. 4 where he failed to discuss whether the Plaintiff's physical impairments meet or medically equal a listed impairment (DN 15 at PageID # 1301-03). Plaintiff notes that the ALJ evaluated whether her mental impairments satisfy a listing but makes

no mention of her physical impairments. This is error, she contends, because her medical history supports a finding that she exhibits nerve root compression characterized by neuro-anatomic distribution of pain, limited motion of the spine, and motor loss (Id.).

Second, Plaintiff mounts a challenge to the ALJ's RFC determination. As noted above, the ALJ limited the Plaintiff to less than a full range of sedentary work. Plaintiff now points out that Social Security Ruling 96-9p states that such an RFC reflects very serious limitations and is expected to be relatively rare. Plaintiff notes that SSR 96-9p further states that restrictions on a claimant's ability to balance may or may not significantly erode the sedentary occupational base, and without some additional explanation of what is meant by limited balancing, the RFC is unreliable. The Commissioner responds that the ALJ is permitted to rely on a vocational expert's opinion, and in this instance, the ALJ asked the VE about occasional versus frequent balancing during the administrative hearing. What's more, the Commissioner argues, Plaintiff's counsel could have asked questions about the balance issue at the hearing, and the failure to do so means she cannot now complain.

## Discussion

The undersigned first addresses Plaintiff's argument that the ALJ erred in not discussing whether she satisfies a listed impairment. At the third step, a claimant has the burden of demonstrating she has an impairment that meets or medically equals a listing in Appendix 1. See, 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant must satisfy all of the listing's criteria, and if a single requirement is not met, the impairment will not meet the listing, no matter its severity. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

Here, Listing 1.04(A) requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with

associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" 20 C.F.R. Pt. 404, Subpt.P, App. 1, § 1.04(A). As the Commissioner correctly notes, Plaintiff does not satisfy this listing because the medical record does not contain evidence of motor loss. There were only two instances where Plaintiff was reported to have less than normal motor functioning (Tr. 703, 993). By contrast, Plaintiff was reported to have normal or good motor functioning on numerous other occasions (*see e.g.* Tr. 441, 443, 500, 502, 510, 516, 733-34, 764, 793-94, 1050, 1053). Thus, while the ALJ clearly erred in not discussing the issue of whether Plaintiff's impairments meet or medically equal a listed impairment, the error was harmless because Plaintiff could not have satisfied the requirements of Listing 1.04(A). This claim is therefore denied.

The next issue is whether the ALJ violated SSR 96-9p by failing to clarify his balancing restriction on Plaintiff's already less than sedentary RFC. "An RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare." Soc. Sec. R. 96-9p, 1996 WL 374185, *2 (July 2, 1996). "An accurate accounting of an individual's abilities, limitations, and restrictions is necessary to determine the extent of erosion of the occupational base, the types of sedentary occupations an individual might still be able to do, and whether it will be necessary to make use of a vocational resource." (Id. at *6).

With respect to balancing specifically, the Ruling notes that some types of restrictions may not significantly erode the sedentary occupational base. Id. at *7). For instance, "[i]f an individual is limited in balancing only on narrow, slippery, or erratically moving surfaces, this would not, by itself, result in a significant erosion of the unskilled sedentary occupational base."

(Id.). On the other hand, if the claimant cannot balance when navigating level terrain, then the occupational base is likely to be significantly eroded. As a result, the Ruling provides that "[i]t is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base. Consultation with a vocational resource may be appropriate in some cases." (Id.).

Here, the ALJ limited Plaintiff to less than a full range of sedentary work, yet the RFC assessment simply limits the Plaintiff to "occasional balancing" without further explanation of the restriction (Tr. 150). This is the precise situation the drafters of SSR 96-9p sought to remedy. The Rule contemplates the severely impaired nature of an individual restricted to a reduced range of sedentary work. It notes exertional and non-exertional restrictions which could, left undefined, erode the occupational base even further. And it instructs ALJs to elucidate their restrictions on a claimant's ability to balance to ensure the RFC assessment can be reviewed for substantial evidence. The RFC in this case does not comport with SSR 96-9p, and the undersigned cannot determine the extent to which Plaintiff's balancing restrictions might affect the number of available jobs in the national economy. *See* Peek v. Astrue, No. 10-40-GWU, 2010 WL 3892214, at *4 (E.D. Ky. Sept. 29, 2010).

The Commissioner argues that the ALJ's reliance on the vocational expert's response to his hypothetical questions somehow expiates his failure to comply with the SSR. This position is untenable. The Ruling states that it may be appropriate in some instance to consult a vocational resource to clarify the issue of how a claimant's specific balancing restrictions might impact their occupational base. But that's not what happened here. Instead, the ALJ presented the VE with two hypothetical RFCs: one where the person was limited to occasional balancing, and the other where the person was limited to frequent balancing (Tr. 195-96). In neither instance did the ALJ

expound on what the balancing restrictions entailed. As a result, the undersigned is left in the same position, without a clue as to what the ALJ meant by "limited balancing" and unable to determine whether there are in fact a significant number of jobs in the national economy that the Plaintiff can perform.

Finally, the Commissioner's argument that the Plaintiff bore the burden of raising this issue at the hearing is baseless. The SSR specifically instructs that these are issues to be addressed in the RFC assessment, not matters that must be raised at the hearing. As the Commissioner is fond of pointing out to this Court, it is solely the responsibility of the ALJ to form the claimant's residual functional capacity, and therefore any notion that Plaintiff's counsel failed by not raising an objection at the hearing is without merit.

## Conclusion

The ALJ did not comply with SSR 96-9p. Thus, the decision is not supported by substantial evidence and will be remanded to the Commissioner for further consideration in light of this ruling.

**ORDER**

**IT IS HEREBY ORDERED** that, pursuant to sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner is **REVERSED**, and this case is **REMANDED.**

Copies:   Counsel